JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
JILL NEIMAN (CA SBN 164702)
JNeiman@mofo.com
GEOFFREY GRABER (CA SBN 211547)
Email: GGraber@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Defendant
APPLIED ELASTOMERICS, INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z-MAN FISHING PRODUCTS, INCORPORATED, a South Carolina corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLIED ELASTOMERICS, INCORPORATED, a California corporation,<br><br>　　　　　Defendant. | Case No.   C07-3104 JCS<br><br>[Hon. Joseph Spero]<br><br>**APPLIED ELASTOMERICS, INCORPORATED'S ANSWER TO COMPLAINT OF Z-MAN FISHING PRODUCTS, INCORPORATED** |

Defendant Applied Elastomerics, Incorporated ("AEI") answers the Complaint of Plaintiff Z-Man Fishing Products, Incorporated ("Z-Man") as follows:

**ANSWER**

1. Responding to Paragraph 1 of the Complaint, AEI admits that Z-Man is a South Carolina Corporation with its principal place of business in Hanahan, South Carolina.

2. Responding to Paragraph 2 of the Complaint, AEI admits that it is a California Corporation based in South San Francisco.

3. Responding to Paragraph 3 of the Complaint, Paragraph 3 contains conclusions of law to which no responsive pleading is required.

4. Responding to Paragraph 4 of the Complaint, Paragraph 4 contains conclusions of law to which no responsive pleading is required.

5. Responding to Paragraph 5 of the Complaint, AEI admits that Z-Man develops and manufactures fishing lures for others. Except as so admitted, AEI denies the allegations of Paragraph 5.

6. Responding to Paragraph 6 of the Complaint, AEI admits that it holds patents in the field of gel composites and that some of its patents contain information regarding fishing lures. Except as so admitted, AEI denies the allegations of Paragraph 6.

7. Responding to Paragraph 7 of the Complaint, AEI admits that Mr. Shelton represented that he served as a Vice President of Z-Man in July 2001. Except as so admitted, AEI denies the allegations of Paragraph 7.

8. Responding to Paragraph 8 of the Complaint, AEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies same.

9. Responding to Paragraph 9 of the Complaint, AEI admits that Mr. Chen is the president of AEI and that he is listed as the inventor on various AEI patents. AEI admits that Z-Man contends that the references to Mr. Chen are to his actions on behalf of AEI. Except as so admitted, AEI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9, and therefore denies the same.

10.     Responding to Paragraph 10 of the Complaint, AEI admits that Mr. Shelton and Mr. Chen spoke on or about April 25, 2001 to discuss the fishing lure products that Z-Man was attempting to develop. Except as so admitted, AEI denies the allegations of Paragraph 10.

11.     Responding to Paragraph 11 of the Complaint, AEI admits that after the parties entered into a license agreement, Mr. Chen provided Z-Man and Color Technologies, Inc. ("CTI") with gel samples to use, formulas and other know-how. Except as so admitted, AEI denies the allegations of Paragraph 11.

12.     Responding to Paragraph 11 of the Complaint, AEI admits that after the parties entered into a license agreement, Mr. Chen provided Z-Man and CTI with gel samples to use, formulas and other know-how. Except as so admitted, AEI denies the allegations of Paragraph 11.

13.     Responding to Paragraph 13 of the Complaint, AEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies same.

14.     Responding to Paragraph 14 of the Complaint, AEI admits that Mr. Chen continued to provide Z-Man with formulas and information in 2002 and worked to address issues with Z-Man's gel fishing lure product line. Except as so admitted, AEI denies the allegations of Paragraph 14.

15.     Responding to Paragraph 15 of the Complaint, AEI admits that at the May 19, 2001 meeting, Mr. Chen asked Z-Man for a wish list prioritizing all the features and properties that Mr. Chen had indicated were inherent in the gel compositions. AEI further admits that Mr. Chen asked Z-Man for a book of fishing lingo and conventional drawings of typical fishing lures so that AEI could file patent applications as continuations of the fishing bait inventions already disclosed in the then existing pending AEI patent applications. Except as so admitted, AEI denies the allegations of Paragraph 15.

16.     Responding to Paragraph 16 of the Complaint, AEI admits that after the parties entered into the License Agreement, persons at Z-Man provided AEI with information on the common practice of using rattle pockets in plastic lures, but denies that AEI requested this

1  information.  AEI further admits that Mr. Chen requested that Z-Man provide him with a
2  published book on fishing terms and techniques, and also indicated that he would like to have
3  drawings of the most common and popular fishing lures, and that Z-Man provided him with these
4  materials, including drawings created by Garst Lure Designs in Louisiana.  AEI denies that any of
5  the information or materials Z-Man provided to AEI were confidential or proprietary information
6  of Z-Man.  Except as so admitted, AEI denies the allegations of Paragraph 16.

7       17.     Responding to Paragraph 17 of the Complaint, AEI denies the allegations of
8  Paragraph 17.

9       18.     Responding to Paragraph 18 of the Complaint, AEI lacks knowledge or
10 information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and,
11 therefore, denies same.

12      19.     Responding to Paragraph 19 of the Complaint, AEI admits that the reformulation
13 fixed the problems related to heat distortion in the CyberFlexx products.  Except as so admitted,
14 AEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of
15 Paragraph 19 and, therefore, denies same.

16      20.     Responding to Paragraph 20 of the Complaint, AEI lacks knowledge or
17 information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and,
18 therefore, denies same.

19      21.     Responding to Paragraph 21 of the Complaint, AEI admits that AEI filed
20 additional patent applications, including those listed in Paragraph 21 of the Complaint.  Except as
21 so admitted, AEI denies the allegations of Paragraph 21.

22      22.     Responding to Paragraph 22 of the Complaint, AEI admits that the USPTO has
23 issued numerous patents to AEI directed to fishing lures, including the four patents listed in
24 Paragraph 22 of the Complaint.

25      23.     Responding to Paragraph 23 of the Complaint, AEI admits that Z-Man informed
26 AEI that Z-Man believed the samples provided by AEI to Z-Man were failures due to heat
27 distortion problems and needed to be reformulated.  Except as so admitted, AEI denies the
28 allegations of Paragraph 23.

1  24. Responding to Paragraph 24 of the Complaint, AEI admits that Mr. Chen worked with Z-Man and CTI on reformulation of Z-Man's gel fishing lure product to address the heat set issue. Except as so admitted, AEI denies the allegations of Paragraph 24.

25. Responding to Paragraph 25 of the Complaint, AEI admits that after the parties entered into the License Agreement, information was shared between AEI and Z-Man and CTI. Except as so admitted, AEI denies the allegations of Paragraph 25.

26. Responding to Paragraph 26 of the Complaint, AEI admits that Mr. Shelton provided Mr. Chen with information about the fishing lure market and drawings of popular baits. Except as so admitted, AEI denies the allegations of Paragraph 26.

27. Responding to Paragraph 27 of the Complaint, AEI admits that AEI's patent applications included information about adding food-type attractants to the bait, drawings of popular baits, chemical formulations of lures, colorization of lures, and durometer of lures, and that some of the drawings of popular baits were provided to Mr. Chen by Mr. Shelton. Except as so admitted, AEI denies the allegations of Paragraph 27.

28. Responding to Paragraph 28 of the Complaint, AEI admits that on or about January 13, 2003, Mr. Winkler wrote a letter to Mr. Chen in which he contended that Mr. Shelton should be a named inventor on four of AEI's patent applications. In response, Mr. Chen requested that Mr. Winkler provide him with information that would permit AEI to determine whether Mr. Winker should be named as an inventor on the applications and that would allow AEI to amend its patent applications to add Mr. Shelton as a co-inventor, if appropriate. AEI denies that Z-Man ever provided AEI with such information. AEI admits that Mr. Chen never told the USPTO that Mr. Shelton was a co-inventor of AEI's Fishing Lure Patent Applications, because he was not a co-inventor. Except as so admitted, AEI denies the allegations of Paragraph 28.

29. Responding to Paragraph 29 of the Complaint, AEI denies the allegations of Paragraph 29.

30. Responding to Paragraph 30 of the Complaint, AEI admits that Mr. Chen did not name Mr. Shelton as a co-inventor on any patent applications held by AEI because Mr. Shelton

1   did not invent or co-invent anything claimed in such applications.  Except as so admitted, AEI
2   denies the allegations of Paragraph 30.

3   **CLAIM FOR RELIEF FOR CORRECTION OF INVENTORSHIP**

4   31.    Responding to Paragraph 31 of the Complaint, Paragraph 31 contains conclusions
5   of law to which no responsive pleading is required.

6   32.    Responding to Paragraph 32 of the Complaint, AEI denies the allegations of
7   Paragraph 32.

8   33.    Responding to Paragraph 33 of the Complaint, AEI admits that Mr. Chen filed the
9   four patent applications identified in Paragraph 33 of the Complaint.  Except as so admitted, AEI
10  denies the allegations of Paragraph 33.

11  34.    Responding to Paragraph 34 of the Complaint, AEI admits that the United States
12  Patent and Trademark Office issued to AEI the patent referenced in Paragraph 34 of the
13  Complaint on or about April 24, 2007.

14  35.    Responding to Paragraph 35 of the Complaint, AEI denies the allegations of
15  Paragraph 35.

16  36.    Responding to Paragraph 36 of the Complaint, Paragraph 36 contains conclusions
17  of law to which no responsive pleading is required.

18  37.    Responding to Paragraph 37 of the Complaint, AEI admits that Z-Man purports to
19  seek preliminary and permanent injunctive relief to add Mr. Shelton as a joint inventor of the
20  patent referenced in Paragraph 37.

21  38.    Responding to Paragraph 38 of the Complaint, AEI admits that Z-Man seeks
22  attorneys' fees.  Except as so admitted, AEI denies the allegations in Paragraph 38.

## AFFIRMATIVE DEFENSES

AEI alleges the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Z-Man:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

The Complaint, and each purported cause of action alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each purported cause of action contained therein, is barred by Z-Man's unclean hands.

### THIRD AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

AEI reserves its right to amend its answer to assert additional affirmative defenses as they become known.

**WHEREFORE,** AEI prays for judgment against Z-Man as follows:

1. That Z-Man take nothing by the Complaint and that the same be dismissed as to AEI;

2. That AEI recover its costs of suit and reasonable attorneys' fees and expenses to the extent permitted by law; and

3. That AEI be awarded such other and further relief as the Court deems just and proper.

Dated: July 10, 2007                    MORRISON & FOERSTER LLP

By:   /s/ Jennifer Lee Taylor
      Jennifer Lee Taylor
      Attorneys for Defendant
      APPLIED ELASTOMERICS,
      INCORPORATED